1 | ROBERT D. COLLINS, ESQ. bcollins@cvmlaw.com (SBN 053321)
2 | ANTHONY S. COSS, ESQ. acoss@cvmlaw.com (SBN 244215)
CVM LAW GROUP, LLP
3 | 8795 Folsom Blvd., Suite 200
Sacramento, California 95826
4 | Telephone: (916) 381-6171
Facsimile: (916) 381-1109
5 |
6 | Attorneys for Defendant
FIRST AMERICAN TITLE INSURANCE COMPANY
7 | a California corporation
8 |
9 | **UNITED STATES DISTRICT COURT**
10 | **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| UMPQUA BANK, an Oregon chartered bank, ) | CASE NO.: 2:09-CV-03208-WBS-EFB |
| Plaintiff, ) | **STIPULATION AND PROTECTIVE ORDER RE: FIRST AMERICAN TITLE INSURANCE COMPANY'S CLAIMS MANUAL** |
| vs. ) | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, ) | **Complaint Filed: November, 17, 2009** |
| Defendants. ) | |

**STIPULATION AND PROTECTIVE ORDER RE: FIRST
AMERICAN TITLE INSURANCE COMPANY'S CLAIMS MANUELS**

1  **WHEREAS**, Defendant First American Title Insurance Company ("First American") and Plaintiff Umpqua Bank ("Umpqua") were before the Court on March 2, 2011, where the Court heard oral argument on Umpqua's Motion to Compel First American's production of previously withheld documents and information;

**WHEREAS**, Umpqua sought production of the claims manual and written policies, practices or procedures of First American in the handling of various claims ("Claims Manual") and First American objected to the production of the Claims Manual on the basis that it contains confidential information and is proprietary to First American;

**WHEREAS**, in the Court's Order dated March 17, 2011, the Court directed First American and Umpqua to meet and confer and prepare and file a Proposed Stipulated Protective Order concerning the Claims Manual no later than March 31, 2011;

**WHEREAS**, First American and Umpqua have met and conferred and hereby propose the attached Protective Order concerning the Claims Manual;

**THEREFORE**, First American and Umpqua stipulate and agree to the Protective Order attached hereto.

**IT IS SO STIPULATED.**

Dated: March 30, 2011                CVM LAW GROUP, LLP

By:    /s/ Anthony S. Coss
ROBERT D. COLLINS, (SBN 053321)
ANTHONY S. COSS, (SBN 244215)
Attorneys for Defendant
FIRST AMERICAN TITLE INSURANCE COMPANY
8795 Folsom Blvd., Suite 200
Sacramento, California 95826
Telephone: (916) 381-6171

Dated: March 30, 2011                ALBORG, VEILUVA & MARTIN LLP

By:    /s/ Darrell C. Martin
THOMAS E. ALBORG, (SBN 056425)
DARRELL C. MARTIN, (SBN 191773)
Attorneys for Plaintiff, UMPQUA BANK
2121 N. California Blvd., Suite 1010
Walnut Creek, California 94596
Telephone: (925) 939-9880

**ORDER**

The Court having considered the Stipulation of the parties to the above-captioned action, and good cause having been shown hereby ORDERS that:

1. **WHEREAS**, Plaintiff Umpqua Bank issued Requests for Production of Documents to Defendant First American Title Insurance Company seeking its (1) claims manual from 2005 to 2010, and (2) written policies, practices, or procedures from 2005 to 2010 regarding how Defendant First American Title Insurance Company responded to title insurance claims by insured lenders for loss of priority due to mechanic's liens claims, loss due to stop notice claims, and for claims where a claimant asserted both a stop notice and mechanic's lien claim;

2. **WHEREAS**, Defendant First American Title Insurance Company objected to the Request for Production of Documents concerning the claims manual and the written policies, practices or procedures on the basis that, among other things, any such claims manuals and policies and procedures guidelines are confidential and proprietary to the business of the Defendant;

3. **WHEREAS,** the claims manual and policy and procedure guidelines in possession of First American Title Insurance Company responsive to the Plaintiff's requests are entitled "Standards for Prompt Investigation and Processing of Claims in California" ("Claims Manual") and contain the policies, procedures, and standards for First American Title Insurance Company's investigation and processing of claims in California;

4. **WHEREAS,** First American Title Insurance Company has demonstrated to the Court sufficient need to protect the Claims Manual on the basis that the Claims Manual is proprietary in nature and contains business practices and secrets that, if disclosed, would be detrimental to Defendant First American Title Insurance Company;

5. **WHEREAS**, Defendant, First American Title Insurance Company has demonstrated to this Court the need for a Protective Order to be issued to protect the disclosure and dissemination of the Claims Manual due to its confidential and proprietary nature.

///

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Claims Manual is proprietary to First American Title Insurance Company and First American Title Insurance Company derives economic value from the Claims Manual not being generally known to other persons who can obtain economic value from its disclosure or use. Any disclosure or unauthorized use of the Claims Manual could cause irreparable harm to First American Title Insurance Company.

2. Plaintiff Umpqua Bank ("Umpqua") shall not disclose the Claims Manual, any information compiled from the Claims Manual, or extract any information from the Claims Manual, to any person or entity other than to Umpqua and its employees who are directly involved in (or have a direct business interest in the outcome of) the instant litigation, Umpqua's counsel and staff employed by said counsel, and Umpqua's expert witnesses and consultants, and only for the sole purpose of use in the instant action unless such disclosure is (i) expressly authorized by this Order, (ii) otherwise ordered by the Court, or (iii) authorized by the prior written permission of First American Title Insurance Company.

3. Umpqua Bank and its counsel, employees, staff, consultants, and expert witnesses, shall not disclose any portion of the Claims Manual, or the contents of the Claims Manual to any person or entity for any purpose not directly connected with this action and, the Claims Manual shall not be used by counsel for Plaintiff Umpqua Bank in any other legal action or dispute with First American Title Insurance Company, or any other company or entity at any time, unless production and use of the Claims Manual has been separately authorized by Order of other court(s) of competent jurisdiction in other actions, to the extent there is/are any action(s) pending, or any future action(s) brought by Umpqua or its counsel.

4. The Claims Manual is the property of First American Title Insurance Company and shall remain so at all times. Plaintiff Umpqua Bank shall keep a record of the persons with access to the Claims Manual and of the location of any copies of the Claims Manual. Any copies of the Claims Manual shall carry with it such proprietary rights as exist with the original. All originals and copies of the Claims Manual shall be the sole property of First American Title Insurance Company and must be returned to First American Title Insurance Company within

seven (7) business days after the final dismissal or judgment in this action, including any appellate proceedings and final order(s) therein, or upon order of the Court.

**IT IS SO ORDERED.**

DATED: March 31, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE