UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UMPQUA BANK, an Oregon chartered bank,<br><br>       Plaintiff,<br><br>    v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>       Defendant.<br>_____/ | NO. CIV. 2:09-3208 WBS EFB<br><br>ORDER RE: COSTS |

----oo0oo----

On October 12, 2011, the court granted defendant's motion for summary judgment (Docket No. 70), and final judgment was entered in the case.[1] Defendant has submitted a cost bill

---

[1] Plaintiff filed a Notice of Appeal of the final judgment. (See Docket No. 74.) The court retains jurisdiction to tax costs following the filing of a Notice of Appeal. See Scottsdale Ins. Co. v. Sullivan Props., Inc., CIV No. 04-00550, 2007 WL 4390665, at *1 (D. Haw. Dec. 17, 2007) (adopting special master's report); see also Riggs v. Valley Forge Ins. Co., Inc., Civil No. 08-03058, 2010 WL 2228569, at *3 (W.D. Ark. June 1,

1

totaling $13,592.01.  (Docket No. 71.)  Plaintiff objects to the amount submitted on three grounds: (1) defendant's bill of costs is untimely; (2) expert witness fees are improperly charged; and (3) travel expenses are improperly charged.  (Docket No. 77.)  Defendant agrees to reduce the amount of its Bill of Costs by $6,768.65 to reflect the amount improperly requested for expert witness and travel expenses.  (Reply to Opp'n to Bill of Costs at 3:22-24 (Docket No. 81).).

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs.  See <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has

---

2010) ("[C]ourts have held that, when an award of costs are not the subject of the appeal, a district court may tax costs pursuant to Rule 54 after a notice of appeal has been filed.") (citing cases); <u>Lamonica v. Safe Hurricane Shutters, Inc.</u>, No. 07-61295, 2009 WL 806587, at *1 (S.D. Fla. Mar. 19, 2009).

1 the burden of overcoming the presumption in favor of awarding
2 costs to the prevailing party.  See Russian River Watershed Prot.
3 Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)
4 (noting that the presumption "may only be overcome by pointing to
5 some impropriety on the part of the prevailing party"); Amarel,
6 102 F.3d at 1523; see also E.D. Local R. 54-292(d) ("If no
7 objection is filed, the Clerk shall proceed to tax and enter
8 costs.").

         Defendant's Bill of Costs was untimely submitted.
Final judgment was entered on October 12, 2011, and the bill of
costs was filed on October 27, 2011.  Local Rule 292 provides
that the cost bill is to be submitted within fourteen days of
judgment, which in this case would have been October 26, 2011.
The defendant's Bill of Costs was therefore one day late.  The
court may exercise its discretion when presented with tardy
papers.  See Fed. R. Civ. P. 6(b).  Defendant's counsel was
substituted into the case shortly before the deadline for
dispositive motions and she was not in possession of the receipts
necessary to file the bill of costs.  (Reply to Opp'n to Bill of
Costs at 1:26-2:21.)  Although defendant did not seek an
extension of time within the original time, the court nonetheless
concludes that defendant's failure was due to excusable neglect.
Accordingly, plaintiff's objection to defendant's Bill of Costs
on the ground of untimeliness is rejected.

25 ///
26 ///
27 ///
28 ///

After reviewing the bill of costs, the court finds the following costs to be reasonable:

| | |
|---|---|
| Fees of the clerk | $353.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: | $6,164.16 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: | $306.20 |
| **Total** | **$6,823.36** |

Accordingly, costs of **$6,823.36** will be allowed.

IT IS SO ORDERED.

DATED:   November 18, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE