```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9                      EASTERN DISTRICT OF CALIFORNIA
10                               ----oo0oo----
11
12  UMPQUA BANK, an Oregon              NO. CIV. 2:09-3208 WBS EFB
    chartered bank,
13
              Plaintiff,                ORDER RE: COSTS
14
         v.
15
    FIRST AMERICAN TITLE INSURANCE
16  COMPANY, a California
    corporation,
17
              Defendant.
18  _____/
19
20                               ----oo0oo----
21          On October 12, 2011, the court granted defendant's
22  motion for summary judgment (Docket No. 70), and final judgment
23  was entered in the case.[1]  Defendant has submitted a cost bill
24  _____
25      [1]   Plaintiff filed a Notice of Appeal of the final
    judgment.  (See Docket No. 74.)  The court retains jurisdiction
26  to tax costs following the filing of a Notice of Appeal.  See
    Scottsdale Ins. Co. v. Sullivan Props., Inc., CIV No. 04-00550,
27  2007 WL 4390665, at *1 (D. Haw. Dec. 17, 2007) (adopting special
    master's report); see also Riggs v. Valley Forge Ins. Co., Inc.,
28  Civil No. 08-03058, 2010 WL 2228569, at *3 (W.D. Ark. June 1,
```

1  totaling $13,592.01.  (Docket No. 71.)  Plaintiff objects to the
2  amount submitted on three grounds: (1) defendant's bill of costs
3  is untimely; (2) expert witness fees are improperly charged; and
4  (3) travel expenses are improperly charged.  (Docket No. 77.)
5  Defendant agrees to reduce the amount of its Bill of Costs by
6  $6,768.65 to reflect the amount improperly requested for expert
7  witness and travel expenses.  (Reply to Opp'n to Bill of Costs at
8  3:22-24 (Docket No. 81).).

9            Rule 54(d)(1) of the Federal Rules of Civil Procedure
10 and Local Rule 292 govern the taxation of costs to losing
11 parties, which are generally subject to limits set under 28
12 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);
13 Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,
14 or a court order provides otherwise, costs--other than attorney's
15 fees--should be allowed to the prevailing party."); E.D. Cal.
16 Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482
17 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated
18 in § 1920).

19           The court exercises its discretion in determining
20 whether to allow certain costs.  See Amarel v. Connell, 102 F.3d
21 1494, 1523 (9th Cir. 1997) (holding that the district court has
22 discretion to determine what constitutes a taxable cost within
23 the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc.,
24 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has

---

26 2010) ("[C]ourts have held that, when an award of costs are not
   the subject of the appeal, a district court may tax costs
27 pursuant to Rule 54 after a notice of appeal has been filed.")
   (citing cases); Lamonica v. Safe Hurricane Shutters, Inc., No.
28 07-61295, 2009 WL 806587, at *1 (S.D. Fla. Mar. 19, 2009).

                                2

the burden of overcoming the presumption in favor of awarding costs to the prevailing party.  See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also E.D. Local R. 54-292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

Defendant's Bill of Costs was untimely submitted. Final judgment was entered on October 12, 2011, and the bill of costs was filed on October 27, 2011.  Local Rule 292 provides that the cost bill is to be submitted within fourteen days of judgment, which in this case would have been October 26, 2011. The defendant's Bill of Costs was therefore one day late.  The court may exercise its discretion when presented with tardy papers.  See Fed. R. Civ. P. 6(b).  Defendant's counsel was substituted into the case shortly before the deadline for dispositive motions and she was not in possession of the receipts necessary to file the bill of costs.  (Reply to Opp'n to Bill of Costs at 1:26-2:21.)  Although defendant did not seek an extension of time within the original time, the court nonetheless concludes that defendant's failure was due to excusable neglect. Accordingly, plaintiff's objection to defendant's Bill of Costs on the ground of untimeliness is rejected.

///
///
///
///

3

1              After reviewing the bill of costs, the court finds the
2    following costs to be reasonable:
3    Fees of the clerk                              $353.00
4    Fees for printed or electronically
5    recorded transcripts necessarily obtained
6    for use in the case:                           $6,164.16
7    Fees for exemplification and the costs
8    of making copies of any materials where
9    the copies are necessarily obtained for
10   use in the case:                               $306.20
11   **Total**                                          **$6,823.36**
12            Accordingly, costs of **$6,823.36** will be allowed.
13            IT IS SO ORDERED.
14   DATED:  November 18, 2011
15
16                        _____
                          WILLIAM B. SHUBB
17                        UNITED STATES DISTRICT JUDGE
18
19
20
21
22
23
24
25
26
27
28